UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TREY HARDY,

    Plaintiff,

v.                                        CASE NO. 8:16-cv-3178-T-23MAP

SOS SECURITY, LLC,

    Defendant.
_____/

**<u>ORDER</u>**

On November 14, 2016, Trey Hardy sued SOS Security for providing extraneous information in a credit-check disclosure form, a disclosure that allegedly violates the Fair Credit Reporting Act. On December 28, 2016, the defendant moved to dismiss the action and argued that the absence of a compensable injury requires dismissal under Rule 12(b)(1), Federal Rules of Civil Procedure. (Doc. 9, citing *Spokeo v. Robins*, 136 S. Ct. 1540 (2016))

The plaintiff moved (Docs. 12, 18, and 22) three times to extend the response deadline. A March 10, 2017 order (Doc. 24) grants the final extension and permits the plaintiff to respond no later than March 31. The March 10 order states that "[n]o further extension[]" is available "absent extraordinary circumstances." (Doc. 24 at 1–2) Five months after the filing of the Rule 12(b)(1) motion and a month after the expiration of the response deadline, no response appears.

Also, the complaint included a class-action allegation, and Local Rule 4.04(b) required the plaintiff to move for class certification no later than February 13, 2017. The plaintiff failed to comply with the Local Rule and failed to request an extension before the expiration of the deadline. Three weeks after the deadline expired and without proffering any explanation for missing the deadline, the plaintiff moved (Doc. 22) to extend the deadline to March 31, 2017, and the March 10 order grants the motion. Again, the order states that "[n]o further extension" is available "absent extraordinary circumstances." (Doc. 24 at 1–2) March 31 passed, and the plaintiff neither moved for class certification nor moved to extend the time within which to move for class certification.

On April 4, 2017, the mediator announced the settlement of this action, and an April 6, 2017 order (Doc. 26) dismisses the action without prejudice "subject to the right of any party . . . to move to vacate the dismissal for good cause." On April 26, 2017, the plaintiff moved (Doc. 28) to vacate the dismissal and to refer a purported "class-action settlement" to the magistrate judge for a fairness hearing. An April 27, 2017 order (Doc. 29) denies the motion because the time within which to move for class certification expired and because the parties failed to show excusable neglect for the failure to timely move for an extension of the class-certification deadline. For the second time, the plaintiff moves (Doc. 30) to vacate the dismissal and argues that the presence of "excusable neglect" requires vacating the dismissal and opening the case.

The plaintiff admittedly "neglected to move . . . for class certification." (Doc. 30 at 4)  Despite the plaintiff's failure to comply not once but twice with a class-certification deadline, the plaintiff baldly asserts that "it was evident even at this early juncture the parties were both aware and respectful of the Court's deadlines in the case."  (Doc. 30 at 2)  On the contrary, the repeated failure of plaintiff's counsel to heed a deadline evinces an unmistakable disdain for the rules, a disdain for which the Middle District of Florida regularly reprimands or sanctions plaintiff's counsel Morgan & Morgan.  In a thorough 2009 order, Judge Presnell identifies more than sixty orders that require a Morgan & Morgan attorney to show cause for failing to comply with a deadline or failing to expeditiously prosecute an action.  *In re FLSA Cases*, 2009 WL 129599 (M.D. Fla. 2009).  In that case, Judge Presnell sanctioned a Morgan & Morgan attorney "given [the firm's] extensive history of noncompliance" with the Federal Rules of Civil Procedure, with the Local Rules, and with court orders.  *In re FLSA Cases*, 2009 WL 129599 at *7.  Even after Judge Presnell's order, Morgan & Morgan attorneys persist in violating the Federal Rules of Civil Procedure, the Local Rules, and court orders.  *See, e.g.*, *Wate v. Tactuk*, case no. 8:14-cv-1196-VMC-TBM at Doc. 79 (imposing on a Morgan & Morgan attorney a $5,000 sanction and requiring the attorney to attend a case-management CLE because of the attorney's repeated "untimely filings"); *Libreros v. Texas de Brazil (Tampa) Corp.*, case no. 8:12-cv-1283-SCB-TGW at Doc. 70 (sanctioning a Morgan & Morgan attorney for failing to attend a court-ordered mediation).

The plaintiff suggests that *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848 (11th Cir. 1996), requires a finding of excusable neglect. In *Cheney*, a "clerical error" resulted in an attorney's submitting a paper six days late. In contrast to the six-day delay in *Cheney*, the plaintiff's motion to excuse compliance with the March 31 deadlines arrived thirty-five days late. Also, an untimely motion to extend a deadline must "state the specific reasons for the request and must include facts to support the assertion of excusable neglect." *Moore's Federal Practice*, Vol. 1, § 6.06(3)(b) (3d ed. 2016). In this action, the plaintiff proffers no explanation for the failure to comply with two class-certification deadlines and the Rule 12(b)(1)-response deadline. The plaintiff's counsel proffers no explanation of how counsel will remedy the cause of the repeated failures. And, although the plaintiff's repeated failure results in the expenditure of scarce judicial resources, the plaintiff demonstrates not a hint of contrition for wasting the court's and the adversary's time and resources.

Even if the plaintiff argues that plaintiff's counsel negligently failed to heed the unambiguous March 10 order or negligently failed to calendar the March 31 deadline, *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd P'ship*, 507 U.S. 380 (1993), explains that "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute excusable neglect." 507 U.S. at 392. And an attorney's failure to grasp the relevant procedural law" cannot constitute excusable neglect. *Advanced Estimating Sys v. Riney*, 130 F.3d 996, 998 (11th Cir. 1997). Because the

plaintiff fails to show excusable neglect, the motion (Doc. 30) to vacate the dismissal and to excuse the plaintiff's neglect in moving for class certification is **DENIED**.

ORDERED in Tampa, Florida, on May 22, 2017.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE